MATTER OF ALBERGA

In VISA PETITION Proceedings

A–10383415

*Decided by Regional Commissioner October 16, 1964*

Petition to accord first preference quota status under section 203(a)(1), Immigration and Nationality Act, as amended, as a sample stitcher of ladies' garments is denied because beneficiary has not had a minimum of 5 years' experience as such a stitcher as required by the clearance order.

This petition, seeking first preference quota status for beneficiary as a sample stitcher, was denied by the District Director on June 10, 1964. That denial is before us on appeal.

The clearance order from the Bureau of Employment Security furnished in support of the petition calls for a person who has had a minimum of 5 years' all-round experience as a sample stitcher of ladies' garments.

That Bureau's Dictionary of Occupational Titles defines the position of sample stitcher as follows: "Prepares sample garments, such as dresses, pajamas, suits, or shirts, usually for use in making production patterns: Cuts material according to a pattern or designer's sketch. Drapes and fits garment on either a dress form or living model. Performs hand and machine sewing to complete garment. Frequently performs hand finishing and pressing."

The petitioner is a manufacturer of expensive clothes for women. Claim has been made that their dresses are sold at prices ranging from $160 to $650 and that some of their coat, suit and dress ensembles retail for as much as $1500. Pages from VOGUE magazine have been furnished as evidence of the quality of petitioner's creations.

The beneficiary is a native and citizen of Jamaica, age 41, married. She has been in the United States since her entry as a visitor on May 3, 1959. On August 20, 1960, she was granted status as a nonimmigrant student to attend the Maison Sapho School of Dressmaking and Design for which she had enrolled on February 16, 1960.

She received one extension of temporary stay to February 20, 1961,

764

to finish a course of 255 hours, another to July 31, 1961, to take a course in draping, and a further extension to July 31, 1962, to study advance designing, all at the same school. Her attendance there terminated on June 20, 1962. In addition to the foregoing, Mrs. Alberga took a course in dressmaking at Fashion Institute in New York from February to June 1957 while here previously as a visitor.

Upon completion of her last course at the Maison Sapho School, beneficiary applied for permission to engage in practical training with the firm, Trigere, the petitioner in the matter now before us. Beneficiary was granted permission to engage in two periods of such training until July 15, 1963, and was informed that a request for permission to remain beyond that date would not be favorably entertained. The petition seeking to accord beneficiary first preference immigration quota status was filed July 3, 1963, or at a time when beneficiary was still in "practical training."

As pointed out in the district director's notice of denial, inquiry by a Service investigator at petitioner's place of business on February 27, 1964, disclosed that beneficiary was not engaged in pattern-making or in the cutting of cloth from which sample garments were being made. Instead, she was then found employed as one of a group of seven ladies performing the sewing operations (both by hand and machine) on the garments under production. While it was then stated that beneficiary was experienced in pattern-making and cloth-cutting, she had done very little of that work as those duties were performed by the supervisor of the sample room. Of the seven ladies, including beneficiary, working on the sewing operations, three were receiving a higher wage than beneficiary.

Although beneficiary attended a dressmaking school in New York for two and one-half years, and followed this with a year's practical training, she alleges that she was a competent dressmaker in Jamaica before coming here. This is supported only by her own affidavit, by a letterhead and business card (both in the name "Hyacinth Alberga, Custom Made Gowns, 5 Union Square, Room 3, Cross Roads, Jamaica, W. I.") and two letters written in Jamaica in 1959 (one by the Chairman, Garment Industry Group, Jamaica Manufacturers Association and the other by the Secretary, Jamaica Industrial Development Corporation) introducing Hyacinth Alberga as a dressmaker specializing in embroidered dresses who was interested in making business contacts in the United States.

On appeal petitioner has submitted a letter dated September 11, 1964, wherein the comptroller of the firm insists that beneficiary now earns a salary of $90 a week and is engaged by them as a sample stitcher as that term is applied to the tailoring industry. In that

letter petitioner insists that an on-premises inspection of their sample room at this time would show that beneficiary is working as a sample stitcher.

We have carefully considered the entire record including oral argument of counsel. The clearance order in this case calls for a person who has had a minimum of five years' all-round experience as a sample stitcher of ladies' garments. The evidence of record shows that beneficiary was a student in dressmaking from February 1960 to July 1962, followed by practical training in that field for one year. We can only conclude therefore that petitioner has failed to establish that beneficiary has had the minimum of five years' all-round experience as a sample stitcher as required by the clearance order. The denial will be affirmed.

**ORDER:** It is ordered that this appeal be and the same is hereby dismissed.